[Civ. No. 22617. First Dist., Div. Three. Oct. 25, 1966.]

DEANA McAULIFFE, Plaintiff and Respondent, v. JOHN
HANCOCK MUTUAL LIFE INSURANCE COMPANY,
Defendant and Appellant.

Allan, Miller, Groezinger, Keesling & Martin, Allan, Miller, Groezinger, Pettit, Evers & Martin and Harold C. Nachtrieb for Defendant and Appellant.

Marteen J. Miller, Lounibos & Lounibos and William B. Boone for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff, as named beneficiary, brought this action upon a policy of insurance upon the life of her deceased husband. Jury verdict was for plaintiff, and defendant appeals from the ensuing judgment.

The policy was issued to the husband in July 1959. In January 1962, it lapsed for nonpayment of a premium. The selling agent left an application for reinstatement with decedent's secretary, for signature by the insured. It contained this statement: "It is hereby declared that . . . risk is now alive and in good health, and that since the due date of the first premium now unpaid has had no injury, ailment, illness or disease or symptom thereof, and has neither con-

sulted nor been treated by any physician or practitioner, except as follows: ———.'' The word ''none'' was typed in the blank. The application was signed by the insured. While dated April 17, 1962, it probably was actually signed a few days later. Reinstatement was granted.

It developed that in fact he had consulted Dr. Racz at the latter's office April 14, 1962, and perhaps on April 16, 1962. The doctor's testimony dealt with the examination of April 14. The doctor stated that the insured ''has bronchitis, nervous, admits drinking, liver enlarged, had tremor of the hand, blood pressure 130 over 80, pulse 110, has wheezing with the lungs.'' The doctor conceded that his liver diagnosis derived solely from feeling by finger, that such a test was but cursory, and that he made no other. Moreover, there is no evidence that he told the insured of any of his diagnoses. The doctor also agreed that insured consulted him only because of a temporary indisposition—a hangover.

Defendant contends that failure to mention this consultation in the application for reinstatement constitutes a material misrepresentation.

In such an application, misrepresentation may void the policy, even though the insured does not intend to deceive (*California-Western States Life Ins. Co.* v. *Feinsten,* 15 Cal.2d 413, 423 [101 P.2d 696, 131 A.L.R. 608]). But the subjective motivation and knowledge of the applicant may be material, insofar as they bear upon the issue of materiality of the representation. Here the inquiry about medical consultation was part of the same sentence asserting ''good health'' of the insured, and denying any ''injury, ailment, illness, or disease or symptom thereof.'' Such an inquiry does not relate to minor indispositions but is construed as ' ''referring to serious ailments which undermine the general health'' ' (*Jefferson etc. Life Ins. Co.* v. *Anderson,* 236 Cal.App.2d 905, 910 [46 Cal.Rptr. 480], and cases there cited). '' [T]he failure to mention in an application for insurance the existence of a condition of which the applicant has no knowledge or appreciation is not misrepresentation affecting the validity of the policy.'' (*MacDonald* v. *California-Western States Life Ins. Co.,* 203 Cal.App.2d 440, 448 [21 Cal.Rptr. 659].)

The evidence here fully supports the jury's implied finding that decedent's consultation with Dr. Racz was only for a temporary indisposition. The doctor himself considered

that decedent was "not very sick" at that time, and treatment was but for the minor indisposition. This case is readily distinguished from that (*California-Western States Life Ins. Co.* v. *Feinsten, supra*) in which applicant underwent a series of 26 medical treatments just before making the application for reinstatement.

Thus there is support for the view that the representation now complained of was not material. The insurer's medical examiner testified that, had he known of Dr. Racz's diagnosis of April 14, he would have denied reinstatement. But the jury was not required to accept that post-mortem conclusion, nor did it render conclusively material the representation as to medical consultation.

Moreover, testimony indicates that the insurance agent typed the word "none" in the answer to the question here involved, and then left the completed form with decedent's secretary, with the request only that decedent sign the form and return it with his check for the required amount. Several earlier reinstatement applications had been signed by decedent on their presentation to him by the same agent. The agent in this instance merely asked decedent's secretary to have him sign the completed application at the line marked with an "x," enclose his check, and mail the two in an envelope addressed by the agent. There is support for the view that this procedure was but routine, both to defendant's agent and to decedent.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied November 23, 1966, and appellant's petition for a hearing by the Supreme Court was denied December 21, 1966.